UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN JEROME KERR,

                    Plaintiff,                    Case No. 2:19-cv-11640
                                                              Hon. Sean F. Cox

v.

WILLIAM F. BARR, *ET. AL.*,

                    Defendants.
_____/

## **ORDER SUMMARILY DISMISSING CASE WITHOUT PREJUDICE**

      Plaintiff Kevin Jerome Kerr is a Federal prisoner incarcerated at the United States Medical Center in Springfield, Missouri. The pro se complaint names the following individuals as defendants: (1) William P. Barr, United States Attorney General; (2) Ann Oleniczak, Business Services Section, Michigan Department of Licensing; (3) Tracy L. Goss, Manager, Annual Filings Division, Michigan Department of Licensing, and (4) Amy Schneider, Document Examiner, Michigan Department of Licensing.

      The pro se complaint is difficult to follow, but it appears that Plaintiff, who is housed in the Mental Health Unit of the United States Medical Center, is making two distinct sets of claims. Plaintiff's primary complaint seems to be that the State of Michigan defendants did not allow him to register a non-profit corporation named "Allah" or "The Father God Allah" in violation of his First Amendment rights, and they thereby deprived him of the opportunity to collect a religious "victory tax." These actions are alleged to have occurred in Lansing, Michigan, where the State of Michigan defendants reside. Plaintiff also seems to claim that Defendant Barr's subordinates (who work at Plaintiff's facility) will not allow Plaintiff to change his name, and they are administering

psychiatric medications against his will. These actions are alleged to have occurred in Springfield, Missouri.

The determination of the proper venue for a civil action is generally governed by 28 U.S.C. § 1391. The statute generally provides that a civil action may be brought in (1) a judicial district in which any defendant resides if all the defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, (3) or if neither of the two previous section apply, a district in which any of the defendants is subject to the court's personal jurisdiction. See 28 U.S.C. 1391(b). If venue is improper in the district where a case is filed, but would be proper in another district, "a district court has the power to sua sponte transfer [the] case." *Cosmichrome, Inc. v. Spectra Chrome, LLC*, 504 F. App'x 468, 472 (6th Cir. 2012). A court also has discretionary authority to dismiss a complaint without prejudice where venue is improper. See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

Venue is not proper in the Eastern District of Michigan. The events alleged in the complaint did not occur in this district, nor do any of the defendants reside here. Although the Court would normally be inclined to transfer the case to the correct district court, the problem with Plaintiff's complaint is that it contains two distinct sets of claims which arise out of events occurring and defendants who reside in different districts. A transfer of a civil action is precluded unless jurisdiction and venue can be established against all defendants in the transferee court. *Hoffman v. Blaski*, 363 U.S. 335, 343-344 (1960); *Bunting ex rel. Gray v. Gray*, 2 F. App'x. 443, 448 (6th. Cir. 2001). Because it appears that venue for Plaintiff's separate claims properly lies in two separate districts, and it would be improper to transfer this entire case to one district, the Court

will dismiss the complaint without prejudice. See *Orix Financial Services, Inc. v. J.J. Transp.*, No. 2008 WL 583692, * 1 (E.D. Mich. February 27, 2008).

Accordingly, it is **ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

Dated: July 1, 2019                              s/Sean F. Cox
                                                 Sean F. Cox
                                                 U. S. District Judge